W.D. CONSTRUCTION, INC. ROYAL VILLAGE, INC., W.E. DITEMAN AND LANORA DITEMAN, VALLEY BANK OF BELGRADE, A MONTANA BANKING CORPORATION, MIKE N. STEINER, ELIZABETH M. STEINER, PATRICIA M. STEINER, MARK STEINER AND MONTANA WILLIAMS DOUBLE DIAMOND CORPORATION, A MONTANA CORPORATION, LILLIAN E. WILLIAMS, ITS PRESIDENT, DEFENDANTS, PLAINTIFFS, THIRD PARTY PLAINTIFFS AND APPELLANTS, *v.* THE BOARD OF COUNTY COMMISSIONERS OF GALLATIN COUNTY, MONTANA, DEFENDANT, THIRD PARTY DEFENDANT AND RESPONDENT.

No. 85-131.
Submitted Sept. 19, 1985.
Decided Oct. 31, 1985.
707 P.2d 1111.

Nash, Wellcome, Frost, Guenther & Zimmer, Page Wellcome, Bozeman, for W.D. Const., Royal Village, W.E. Diteman, LaNora Diteman, Valley Bank of Belgrade.

McKinley Anderson, Bozeman, argued, for Mike Steiner, Elizabeth Steiner, Patricia Steiner & Mark Steiner.

Goetz, Madden & Dunn, William L. Madden, Bozeman, for Mont. Williams Double Diamond Corp., and Lillian E. Williams, President.

A. Michael Salvagni, Co. Atty., Landoe, Brown, Planalp, Kommers & Johnstone, Calvin Braaksma, argued, Joseph Sabol, Bozeman, defendant, third party defendant and respondent.

MR. JUSTICE WEBER delivered the Opinion of the Court.

Plaintiff, Mark Steiner (Steiner), brought a negligence action against Gallatin County (County) and the Board of County Commissioners of Gallatin County (commissioners) for damages allegedly arising when the Commissioners granted final approval of the plat of Royal Village Subdivision without requiring subdivision improvements or a bond guaranteeing such improvements. The Gallatin County District Court concluded that the County and Commissioners were immune from suit under Section 2-9-111, MCA, and dismissed them from the case on the grounds Steiner had failed to state a cause of action upon which relief could be granted. All other parties to the suit appeal. We affirm.

The issue on appeal is:

Are Gallatin County and the Commissioners immune from suit for negligence in the administration of state statutes or subdivision regulations in connection with the approval of the plat of Royal Village Subdivision in Gallatin County?

Steiner's complaint alleged the following facts:

"That on the 26th day of February, 1975 . . . Commissioners adopted the regulations known as the 'Gallatin County Subdivision Regulation' . . .

"That said regulations were designed for the purpose of insuring that all improvements required by the Gallatin County Subdivision Regulation would be in place or necessary escrow deposits or bonds

would be furnished before the developers of the subdivision would be able to file their subdivision plat and sell lots to the general public; that said regulations were specifically intended for the protections of the buyers of the subdivision lots in order to insure that the utilities would be in place, and that said buyers could use said lots for building purposes; . . .

"That . . . Commissioners . . . have violated the . . . regulation . . . by granting final approval of the plat of Royal Village Subdivision . . . without requiring the subdivider, Royal Village, Inc., Wallace E. Diteman and LaNora Diteman, to have first installed all of the required improvements . . . or, in the alternative, to have first entered into a written subdivision improvement agreement with . . . Commissioners . . . posting a bond guaranteeing the construction and installation of all required improvements . . .

"That as a direct and proximate result of the carelessness, negligence, failure, omission or refusal of the . . . Commissioners . . . to, follow and abide by Gallatin County Subdivision regulations pertaining to approval of the subdivision plat for Royal Village Subdivision, the Plaintiff . . . has sustained damages in a sum that is at this time undetermined . . ."

A Commissioner stated by deposition that at the time the plat was approved a good share of the utilities were already in place. The roads were partially complete and some of the water and sewer lines were in. The Commissioner further states that the Board did not require Diteman to complete the improvements or post a bond because everything was in progress and looked like it was going to be finished.

Steiner contends that the Commissioners' failure to comply with its own subdivision regulations is negligence governed by Section 2-9-102, MCA:

"*Governmental entities liable for torts except as specifically provided by legislature.* Every governmental entity is subject to liability for its torts and those of its employees acting within the scope of their employment or duties whether arising out of a governmental or proprietary function except as specifically provided by the legislature under Article II, Section 18, of the Constitution of the State of Montana."

Commissioners contend that a legislative body and its members are immune from suit for damages arising from legislative acts or omissions under Section 2-9-111, MCA. That section provides:

"*Immunity from suit for legislative acts and omissions.*

"(1) As used in this section:

"(a) the term "governmental entity" includes the state, counties, municipalities, and school districts;

"(b) the term "legislative body" includes the legislature vested with legislative power by Article V of the Constitution of the State of Montana and any local governmental entity given legislative powers by statute, including school boards.

"(2) A governmental entity is immune from suit for an act or omission of its legislative body or a member, officer, or agent thereof.

"(3) A member, officer, or agent of a legislative body is immune from suit for damages arising from the lawful discharge of an official duty associated with the introduction or consideration of legislation or action by the legislative body.

"(4) the immunity provided for in this section does not extend to any tort committed by the use of a motor vehicle, aircraft, or other means of transportation."

Steiner argues that under Section 2-9-102, MCA, the county and commissioners are responsible in tort for the failure of the Commissioners to comply with their own subdivision regulations. In particular, Steiner argues that *B.M. v. State of Montana* (Mont. 1982), [200 Mont. 58,] 649 P.2d 425, 39 St.Rep. 1285, is dispositive of this issue. In *B.M. v. State* a minor child brought a claim against the State and other school authorities for damages arising from placement in a special education program. The issue of immunity under Section 2-9-111, MCA, was neither raised nor discussed in *B.M. v. State* and therefore that case is not dispositive of the issue before us.

Section 2-9-111, MCA, was enacted in 1977. In determining the legislative intent, this Court looks first to the plain meaning of the words used in the statute. *Dorn v. Bd. of Trust. of Billings Sch. Dist.* (Mont. 1983), [203 Mont. 136,] 661 P.2d 426, 430, 40 St.Rep. 348, 352. By its terms, this code section answers the issue presented.

Subsection (2) of Section 2-9-111, MCA, declares that a governmental entity is immune from suit for an omission of its legislative body. In this instance, the claimed negligent act was the failure of the commissioners to require compliance with subdivision regulations prior to approval of the plat. That comes expressly within the plain language of subsection (2). In substance, that paragraph provides that Gallatin County is immune from suit for an act of its legislative body, the Board of County Commissioners.

In a similar manner, subsection (3) of Section 2-9-111 provides that a member of a legislative body is immune from suit for dam-

ages arising from the lawful discharge of an official duty. Again, by the express terms of the statute, the members of the Board of County Commissioners are immune from suit for damages arising from a discharge of their official duty, that being the approval of a plat.

We therefore hold that Gallatin County and the Board of County Commissioners of Gallatin County are immune from suit for negligence in the administration of state statutes and subdivision regulations in connection with the approval of the plat of Royal Village Subdivision.

We affirm the judgment of the District Court.

MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES MORRISON, HARRISON, SHEEHY, GULBRANDSON and HUNT concur.