No. 86-416

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

RONALD W. BARNES,

Plaintiff and Appellant,

-vs-

DONALD KOEPKE and WILLIAM BIG SPRINGS,
Commissioners of Glacier County and
GLACIER COUNTY, a Political subdivision
of the State of Montana,

Defendants and Respondents.

APPEAL FROM: District Court of the Ninth Judicial District,
In and for the County of Glacier,
The Honorable R.D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Trieweiler Law Firm; Terry N. Trieweiler argued,
Whitefish, Montana

For Respondent:

Alexander & Baucus; Gary M. Zadick argued, Great Falls,
Montana

Submitted: February 9, 1987

Decided: April 28, 1987

APR 28 1987

Filed:

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from a motion to dismiss granted defendants by the District Court of the Ninth Judicial District in and for Glacier County. Plaintiff appeals. We affirm.

Glacier County owns a hospital and nursing home complex located in Cut Bank, Montana. From 1964-1984, the County leased these premises to the Glacier County Hospital Association, a non-profit corporation which under the terms of the lease became responsible for the operation of the hospital and nursing home. This agreement originally ran for five years and was renewed in writing in 1969 and 1974; from 1979 to 1984, the agreement was renewed orally year to year.

In July 1981, the Hospital Association entered into a contract with Brim and Associates to provide management services to the complex. Brim and Associates hired plaintiff, Ronald Barnes, to serve as the administrator of the facilities.

However, Barnes and much of the hospital staff quickly grew disenchanted with one another. Deposition testimony from doctors who worked in the hospital during Barnes' tenure reveals their displeasure with Barnes' performance as administrator.

In October 1983, the doctors of the hospital staff presented a letter to the Board of Directors of the Hospital Association demanding Barnes' dismissal. The Hospital Association, though, refused to terminate Barnes.

In December 1983 and March 1984, the County Commissioners notified the Hospital Association that the County would not renew the lease agreement when it expired on June 30, 1984. On that date, the County formally declined to

renew the lease. What effect this non-renewal had on the contract between the Hospital Association and Brim and Associates is not noted. However, Barnes was terminated by his employer, Brim and Associates, as hospital administrator in August 1984, and as administrator of the nursing home on January 1, 1985.

In July 1985, Barnes filed this action against Glacier County and its Commissioners. In his complaint, Barnes alleged that the defendants' personal dislike for him led them willfully to conspire to secure his discharge from his present position as administrator and to ruin him professionally. When the Hospital Association refused to discharge Barnes, the complaint states that the defendants then terminated the Association's lease for the sole purpose of harming Barnes and destroying his contractual relationship with his employer and the Hospital Association.

The defendants moved to dismiss this action on the ground that the suit was barred by a governmental immunity statute, § 2-9-111, MCA. The District Court, in July 1986, granted defendants' motion and dismissed this action pursuant to § 2-9-111, MCA. Barnes now appeals.

Section 2-9-111, MCA, provides in pertinent part:

> (1) As used in this section:
>
> (a) the term "governmental entity" includes the state, counties, municipalities, and school districts;
>
> (b) the term "legislative body" includes the legislature vested with legislative power by Article V of The Constitution of the State of Montana and any local governmental entity given legislative powers by statute, including school boards.
>
> (2) A governmental entity is immune from suit for an act or omission of its

3

> legislative body or a member, officer, or agent thereof.
>
> (3) A member, officer, or agent of a legislative body is immune from suit for damages arising from the lawful discharge of an official duty associated with the introduction or consideration of legislation or action by the legislative body.
>
> . . .

This statute clearly provides immunity for the defendants herein. Subsection (2) grants a county immunity for an act undertaken by its legislative body. The decision complained of by appellant--the decision not to renew the lease with the Hospital Association--was clearly one made by the legislative body of Glacier County, that is, its County Commissioners. As such, the act comes within the express language of the statute. We accordingly find that § 2-9-111, MCA, renders Glacier County immune from suit in this action. See W. D. Construction, Inc. v. Board of County Commissioners of Gallatin County (Mont. 1985), 707 P.2d 1111, 42 St.Rep. 1638.

In a related manner, subsection (3) provides immunity for members of a legislative body from damages arising from the lawful discharge of an official duty. Appellant attempts to distance his case from this language by asserting that acts committed in bad faith and with malice cannot be considered the lawful discharge of an official duty. Appellant's emphasis on the motive underlying the act is misplaced. We will look only to see whether the act in question was performed pursuant to the lawful discharge of an official duty. In this case, the Commissioners clearly possessed the authority to choose not to renew the County's lease agreement with the Hospital Association. As such, this

4

action falls within the statutory immunity. We will not delve deeper and attempt to discover the potential motives of decision makers. To do so would clearly weaken both the plain meaning and the intent of this statute.

We find that the District Court properly dismissed this action on the ground that it failed to state a claim upon which relief can be granted. As applied, the District Court's action did not raise a constitutional challenge.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____,

_____
Justices