No. 88-19

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

JAMES NATHAN BIEBER,

Plaintiff and Appellant,

-vs-

BROADWATER COUNTY and WILLIAM DUEDE
as County Commissioner and Individually,

Defendants and Respondents.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Broadwater,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Reynolds & Motl; David K.W. Wilson, Jr., Helena,
Montana

For Respondent:

Jardine, Stephenson, Blewett & Weaver; Sue Ann Love,
Great Falls, Montana

Submitted on Briefs: May 19, 1988

Decided: July 8, 1988

Filed: JUL 8 1988

*Ethel M. Harrison*

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Plaintiff appeals from a summary judgment of the District Court, First Judicial District, County of Broadwater. We affirm.

Appellant Bieber lists the following as issues on appeal:

1. Does § 2-9-111(2), MCA, grant Broadwater County immunity for the actions of one of its commissioners in firing appellant Bieber?

2. Does § 2-9-111(3), MCA, grant County Commissioner Duede immunity for his actions in firing Bieber?

Following is a summary of the pertinent facts of this case. More facts will be revealed as needed within the body of the opinion. We wish to note that County Commissioner Duede has died since this case was submitted to the Court for appellate review. Since no motion for substitution of his personal representative has been made pursuant to Rule 37(a), M.R.App.P., we will assume he has none and will proceed with rendering this opinion as if Duede were still living. We are given this authority pursuant to Rule 37(a).

Bieber was hired by Broadwater County as a seasonal member of the road crew in September, 1983. This position became full-time in April, 1984. The county road crew repairs and maintains county roads under the direct supervisory control of the County Commissioners. Commissioner Duede became the primary supervisor of the road crew partly because of his physical proximity to the county shop. He was primarily responsible for assigning work, disciplining and hiring and firing of employees. It was Duede who hired Bieber in 1983. Bieber was apparently

performing satisfactorily until Duede discovered that county equipment was being damaged by Bieber. On February 28, 1986, Duede fired Bieber. There is some dispute whether Bieber had been forwarned that his alleged abuse of county equipment could cost him his job. Duede did not consult with the other two commissioners but later told them of his action with which they both concurred. Bieber now claims that the commissioners violated their own personnel policy as well as their contractual obligations and obligation to deal in good faith.

Bieber filed suit alleging breach of the employment contract, bad faith and violation of the employment at will statute. He later added a wrongful discharge count. When respondents filed a motion for summary judgment on the grounds that they were immune from suit under § 2-9-111, MCA, the court dismissed the action on those grounds. Bieber appeals from this judgment.

Bieber initially argues that the District Court incorrectly assessed the meaning of § 2-9-111, MCA, and its applicability to the Commissioners' action. He asserts that the statute represents a narrow exception to the constitutionally mandated rule of no sovereign immunity and as such its protection is limited to purely "legislative" acts and excludes day to day "administrative" responsibilities such as the firing of a county employee.

The statute reads in pertinent part:

2-9-111. Immunity from suit for legislative acts and omissions. (1) As used in this section:

(a) the term "governmental entity" includes the state, counties, municipalities, and school districts;

(b) the term "legislative body" includes the legislature vested with legislative power by Article V of The Constitution of the State of

- 3 -

Montana and any local governmental entity given legislative powers by statute, including school boards.

(2) A governmental entity is immune from suit for an act or omission of its legislative body or a member, officer, or agent thereof.

(3) A member, officer, or agent of a legislative body is immune from suit for damages arising from the lawful discharge of an official duty associated with the introduction or consideration of legislation or action by the legislative body.

It is clear that the Broadwater County Commissioners are a legislative body of the governmental entity of Broadwater County under the language of the statute. The decision to fire Bieber, although initially made by only one Commissioner, Duede, was later ratified by the rest of the commission. It was an act of a member of a legislative body and is covered under the express language of the statute. We have previously held that acts of a County Commission are immune under § 2-9-111, MCA and do so again in this case. See, Barnes v. Koepke (Mont. 1987), 736 P.2d 132, 44 St.Rep. 810; W. D. Construction, Inc. v. Bd. of County Commissioners (Mont. 1985), 707 P.2d 1111, 42 St.Rep. 1638.

Appellant asks that we recognize the distinction between administrative acts which should not be protected and legislative acts which should be protected. We decline to give credence to appellant's argument because the plain language of the statute makes no such distinction. As we have stated, this Court will not delve outside the plain meaning of the words used in a statute. See, W. D. Construction, 707 P.2d at 1113 and Barnes, 736 P.2d at 134.

Appellant contends, as his second issue that Duede, as an individual defendant, is not protected under § 2-9-111(3) because Duede was not discharging an official duty associated

- 4 -

with "the introduction or consideration of legislation or action by the" County Commissioners. We disagree. Duede clearly had an official duty to oversee and administer the maintenance and repair of county roads in his capacity as a County Commissioner. Within this responsibility is the ability to fire and hire road crew members. In firing Bieber, Duede was discharging his lawful duty as commissioner. He cannot be sued for that action under the current law.

As a final point of argument, Bieber challenges the constitutionality of § 2-9-111, MCA. In response, the County argues that this issue was not raised at trial and thus cannot be heard by the Court upon appeal. We find sufficient reference to the issue in Bieber's plaintiff's brief in opposition to defendant's motion for summary judgment. Thus, we will address this issue.

Bieber's claim is that the statute creates two classes of county employees, those under the County Commissioners' direct supervision who cannot sue the county and all other county employees who can sue the county. Thus § 2-9-111, violates the equal protection clause, Art. II, § 4 of the Montana Constitution. For this proposition, Bieber, directs our attention to the case, Lovell v. Wolf (Mont. 1982), 643 P.2d 569, 39 St.Rep. 710, in which a county clerk and recorder successfully sued the city-county manager for wrongful discharge. Bieber, in essence, argues that since the city-county manager was not protected under § 2-9-114, MCA, governing immunity for local executive officers, the county should not be immune from suits under § 2-9-111, MCA. This argument is meritless. Nowhere in the Lovell case is the issue of governmental immunity discussed. And because it would have involved § 2-9-114, not § 2-9-111, the case is not relevant for the purposes of this issue.

The standard applicable to equal protection analysis can be found in the case of Small v. McRae (1982), 200 Mont. 497, 651 P.2d 982.

> Turning to the issue of equal protection, that issue is analyzed by using a two-step process. Initially, the Court must consider the nature of the classification and the individual interests affected, to determine what level of scrutiny is applicable to the classifications. Memorial Hospital v. Maricopa County (1974), 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306. Unless the classification touches on a fundamental right (such as religious freedom, freedom of speech or association, privacy or right to travel), or is drawn upon an inherently suspect distinction (such as race, religion or alienage), the constitutionality of the statutory discrimination is presumed; the only requirement being that the classification be rationally related to a legitimate state interest. New Orleans v. Dukes (1976), 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511. "Rationally related" means that the classification will be upheld if it has any rational basis. See, Lindsley v. Natural Carbonic Gas Co. (1911), 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369.

651 P.2d at 996.

Bieber argues that the fundamental right involved here is the right to full legal redress provided in Art. II, § 16 of the 1972 Montana Constitution. We disagree.

Art. II, § 16 of the Montana Constitution guarantees citizens access to the courts of this state for the redress of wrongs done to them. This Court has said that access to the courts is not an independent fundamental right. We so stated in Linder v. Smith (Mont. 1981), 629 P.2d 1187, 1190, 38 St.Rep. 912, 915 and consequently used a rational basis analysis to conclude that the Montana Medical Malpractice Panel Act did not violate Art. II, § 16. This is the appropriate standard to use for the purposes of equal protection analysis in this case. The oft articulated

rationale for retaining government immunity (specifically in this case legislative immunity) is to insulate a decision or law making body from suit in order to prevent its decision or law making processes from being hampered or influenced by frivolous lawsuits. This reason satisfies the rational basis test. The County Commission is entrusted with the responsibility to supervise the maintenance and repair of county roads. This includes the power to decide whom to hire and fire. To allow suit against them for the performance of their duties would hinder this performance. We conclude that equal protection is not violated by § 2-9-111, MCA.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 7 -