MR. JUSTICE SHEEHY,
dissenting:
The decision of the majority in this case has carried immunity of the school district beyond the orbit of legislative action and into the sphere of administrative immunity. That decision is an incorrect reading of the statute.
As the majority opinion pointed out, the title of act which became § 2-9-111, MCA, is “immunity from suit for legislative acts and omissions.” While the title is no part of the act, and we have in other cases held that the entitlement of an act does not control the meaning of the act itself, there is at least an indication here that the intent of the legislature was to grant immunity for legislative action by a legislative body, and no more.
That this was the intent of the legislature can be gleaned from a parsing of the difference between Subsection (2) and Subsection (3) of the act. They follow:
“(2) A governmental entity is immune from suit for an act or omission of its legislative body or a member, officer, or agent thereof.
“(3) A member, officer, or agent of a legislative body is immune from suit for damages arising from the lawful discharge of an official duty associated with the introduction or consideration of legislation or action by the legislative body.” (Emphasis supplied.)
By ordinary rules of English, it will be seen that Subsection (2) grants complete immunity to the governmental entity for acts or omissions of its legislative body. Subsection (3) limits immunity to persons for the “lawful discharge of official duty associated with the introduction or consideration of legislation or action by the legislative body.” The entity has complete immunity. The persons have immunity only for actions by the legislative body.
One of the great positions taken by the Constitutional Convention in 1971 was to eliminate state immunity from suit. The purpose evinced by the constitutional framers was to place governmental entities and their agents on the same footing as agents of private entities, including municipal corporations, where tortious acts were concerned. The legislature, through various acts, and goaded by fearful bureaucrats, has nibbled away at the idea of state immunity, and § 2-9-111, MCA, passed in 1977 is an example. There is no doubt that the Act is poorly phrased and nebulous in meaning, but the whole tenor of the act indicates the intention of the legislation to confine *382 the withdrawal of immunity only to legislative acts performed by governmental units. Under the Court’s interpretation of § 2-9-111, MCA, as now espoused by the majority, no governmental unit except the state itself will have any liability for the tortious acts of its agents, because all actions or omissions can be construed to be those of agents either of the school board, the city council, or the county commissioners. Thus administrators, foremen, and janitors are covered under legislative immunity. That I submit is a bad result, and is a bad interpretation of § 2-9-111, MCA.
The purpose of a grant of legislative immunity is to allow a legislative body to exercise its legislative duties without hampering its discretion. A body acts legislatively when it sets policy, or adopts regulations for the enforcement of its policies. Beyond that, the entity or its agents are acting administratively and should not come within the ambit of legislative immunity. Our cases construing § 2-9-111, MCA, leading up to this decision gave no hint that this Court would , interpret § 2-9-111, MCA, as a complete grant of immunity to every substate governmental entity, employee and agent.
In W.D. Construction, Inc. v. Board of County Commissioners Gallatin County (1985), 218 Mont. 348, 707 P.2d 1111, the county commissioners were acting quasi-legislatively in applying zoning regulations. This Court properly allowed immunity under § 2-9-111, MCA. In Barnes v. Koepke (1987), [226 Mont. 470,] 736 P.2d 132, this Court held that the decision of the county commissioners not to renew a lease of a hospital and nursing home was a legislative action and so within the legislative immunity. In Bieber v. Broadwater County (Mont. 1988), [232 Mont. 487,] 759 P.2d 145, the Court, in upholding immunity for a county commissioner who fired an employee for abusing county equipment, this Court said:
“It is clear that the Broadwater county Commissioners are a legislative body of the governmental entity of Broadwater County under the language of the statute. The decision to fire Bieber, although initially made by only one Commissioner, Duede, was later ratified by the rest of the Commission. It was an act of a member of a legislative body and is covered by the express language of the statutes
The decision in this case takes the grant of immunity far beyond the members of the Commission themselves, and grants immunity both to the entity and to the employee or agent where no legislative act is involved. Thus are the citizens of our State unprotected from the insolence of office.
*383 Because I would hold that legislative immunity does not apply in this case, there would be no need as far as I am concerned to discuss the effect of Article II, Section 16 of the Montana Constitution on § 2-9-111, MCA. When Bieber was decided, I was not a member of the panel to which the case had been assigned. Unfortunately that decision was made without oral argument by less than a full Court. Ordinarily this Court does not decide constitutional questions unless the full Court is represented. I have a profound disagreement with the majority members of this Court that Article II, Section 16 does not provide as a fundamental right both a ready access to the courts and a full legal remedy. I will wait for another case to discuss this issue. It is enough to say here that in my view § 2-9-111, MCA, carried to the extent decided by the majority in this case, violates Article II, Section 16 in every particular.
I would reverse the District Court.