No. 89-071

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

LON CUMMINGS,

    Plaintiff and Appellant,

  -vs-

TOWN OF PLAINS, ROD STAMM,
JACK HARWOOD, FORREST KAUFMAN,
W.L. VACURA, JEAN MORRISON
and HELGA MARTIN,

    Defendants and Respondents.

APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Sanders,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Matthew H. O'Neill argued, French, Mercer & Grainey,
Polson, Montana

    For Respondent:

        Randy J. Cox argued, Boone, Karlberg & Haddon,
Missoula, Montana (Plains); M. Richard Gebhardt
argued, Missoula, Montana (Stamm, Harwood, Kaufman,
Vacura, Morrison and Martin)

Submitted: February 8, 1990

Decided: April 12, 1990

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from summary judgment by the Twentieth Judicial District, Sanders County, Montana, on claims against the Town of Plains and the Plains town council members arising out of appellant's discharge as a relief police officer. We reverse and remand for proceedings consistent with this opinion.

Appellant presents the following issues for review:

1. Does § 2-9-111, MCA, grant governmental entities immunity from a lawsuit for damages for breach of contract?

2. Does § 2-9-111, MCA, grant members of legislative bodies immunity from their intentional torts?

3. Did the District Court err in granting summary judgment as to Count VIII, a §1983 claim, of Appellant's Second Amended Complaint?

4. Did the District Court improperly switch the burden of proof to the non-moving party in granting Defendants' Motion for Summary Judgment as to all counts?

Apparently, the District Court based its ruling entirely on questions of law. Since no discovery has occurred, the following facts are primarily stated by appellant.

Plains employed appellant as a part-time police officer in October of 1984. In 1985 the town council budgeted appellant's position at 100 hours per month through June 30, 1986. On January 6, 1986, the town council eliminated the part-time police officer position, allegedly because of budget considerations, terminating appellant. Subsequently, the Plains mayor reinstated appellant as

a relief police officer.

During this period of time, appellant, together with other Plains' citizens, circulated a recall petition for four town council members. On or about October 15, 1986, four of the individually named defendant town council members met and drafted a letter to the mayor stating that the town council would not honor any claims of employment for appellant. The reasons given for the council's position were that appellant had previously filed a lawsuit against the individual council members, appellant had participated in the recall petition effort, and they felt appellant did not possess the minimum standards required of officers of the law. Allegedly the council members drafted this letter outside of a regular council meeting and presented it to the mayor at a public luncheon and to various members of the Sanders County press. On October 16, 1986, the mayor discharged appellant effective immediately.

The mayor again reinstated appellant in November of 1986 and appellant continued to work as a relief police officer until January of 1987. On January 22, 1987, the town council held a special meeting that was closed to the public. After the closed meeting, the town council voted, in effect, to terminate appellant.

Respondents allege that all actions taken by the individual defendants were taken in their official capacities. Respondents also claim that the first two alleged wrongful discharges are irrelevant because appellant went back to work after each discharge.

3

Appellant filed the original complaint on June 4, 1986. Two amendments followed, the first in July of 1986 and the second in October of 1987. The second amended complaint names as defendants the Town of Plains (Plains) and individual members of the Plains town council. Appellant pled ten counts in his second amended complaint as follows: Count I - Breach of the Employment Contract; Count II - Illegal Meeting leading to Wrongful Discharge; Count III - Wrongful Discharge; Count IV - Wrongful Discharge; Count V - Breach of the Implied Covenant of Good Faith and Fair Dealing; Count VI - Negligent Infliction of Emotional Distress; Count VII - Intentional Infliction of Emotional Distress; Count VIII - a §1983 action; Count IX -- Negligence; Count X - Defamation.

On December 29, 1987, Plains filed a motion to strike appellant's request for punitive damages which was granted on July 5, 1988.

Plains and the individual defendants moved separately for summary judgment in July and September of 1988 and appellant opposed. Defendants based their summary judgment motions solely on § 2-9-111, MCA, and this Court's decision in Bieber v. Broadwater County (1988), 232 Mont. 487, 759 P.2d 145. Relying on Bieber the District Court granted summary judgment for all respondents on November 29, 1988. Appellant had discovery pending at the time the District Court decided the summary judgment motions.

Appellant moved the District Court to alter or amend the judgment, specifically addressing only four counts of the ten-

4

count complaint, the breach of the employment contract, the two intentional tort claims and the §1983 action. Appellant contended that, as a matter of law, § 2-9-111, MCA, did not apply to those causes of action. The District Court denied the motion apparently ruling that Bieber controlled the intentional torts and breach of contract claims. Further the District Court held that appellant did not show the existence of any material facts sufficient to sustain a §1983 claim. This appeal followed.

We have examined all of the issues raised by appellant and we find the issue regarding the §1983 claim to be controlling. We, therefore, decline to discuss the other issues.

As part of his motion to alter or amend judgment, appellant argued that State legislative immunity did not pre-empt a 42 U.S.C. §1983 Civil Rights claim. In its opinion, the District Court acknowledged the supremacy of the §1983 claim, but held that because appellant asserted only conclusions in the §1983 claim that appellant had not raised genuine issues of material fact.

Appellant contends that the District Court erred in its conclusion that appellant asserted only conclusions in his §1983 claim which is set forth in Count VIII of the second amended complaint. Count VIII, appellant argues, realleges by incorporation many factual allegations previously recited in the complaint as allowed by Rule 10(c), M.R.Civ.P. Also incorporated pursuant to Rule 10(c) as part of these allegations is the letter written by the town council stating their reasons for their decision not to honor any of appellant's employment claims.

We hold that the District Court erred in not considering as part of Count VIII the factual allegations incorporated by reference. Rule 10(c), M.R.Civ.P. states:

> Rule 10(c) Adoption by reference--exhibits. Statements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion. A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.

Plainly under Rule 10(c), any factual allegations or exhibits incorporated by reference into a separate count of a pleading become a part of that separate count. In the instant case, the many factual allegations previously recited, as well as the written letter attached as an exhibit to the complaint, became an integral component of Count VIII, the §1983 claim. The fact that the District Court had dismissed other legal theories set forth earlier in the complaint which relied on the same factual allegations does not negate the effect of Rule 10(c), M.R.Civ.P.

Even considering the incorporated factual material, respondents assert that appellant did not adequately plead a §1983 Civil Rights violation. Among other things, they contend that appellant did not allege that the individuals involved were acting under color of State law, or that the individuals were acting pursuant to an official policy so as to expose the Town of Plains to liability. Further, respondents allege that the individuals were at all times acting as statutorily authorized.

Title 42 U.S.C. §1983 provides a remedy for violations of rights guaranteed by the Constitution and laws of the United

6

States. To adequately plead a §1983 claim, a plaintiff must allege "(1) that the conduct complained of was committed . . . under color of _state_ law; and (2) that this conduct deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States. (Emphasis in original.)" Evans v. McKay (9th Cir. 1989), 869 F.2d 1341, 1347, citing Parratt v. Taylor (1981), 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420, 428. Further, the United States Supreme Court "has established that the state action requirement in a section 1983 claim is satisfied when the party charged with an alleged constitutional deprivation 'may fairly be said to be a state actor.'" _Evans_, 869 F.2d at 1347, citing Lugar v. Edmondson Oil Co., Inc (1982), 457 U.S. 922, 937, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482, 495.

Respondents' argument that appellant did not allege that respondents were acting under the color of state law appears to rest on the fact that appellant's complaint does not contain those specific words. The United States Supreme Court's above-mentioned guideline mandates that complaints be liberally construed. Thus, the specific words "under color of state law" are unnecessary. In the instant case, the complaint does allege that the individual defendants were duly elected or appointed officials acting in their official capacities. From these allegations the respondents "may fairly be said to be state actors" as their authority is derived from and governed by state law. We hold that appellant has adequately pled a civil rights claim pursuant to 42 U.S.C. §1983.

The other alleged deficiencies in appellant's complaint relate

to substantive issues such as the existence of a right, immunity defenses of the individual respondents, and the existence of a custom or policy. Some of these issues involve questions of fact and some involve questions of law. None of these issues have been directly addressed by either party and the District Court made no findings on any substantive issues that arise under a §1983 claim. Thus, consideration by us of any other aspect of appellant's §1983 cause of action would be premature.

We reverse the District Court and remand for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____

_____

_____

_____

_____
Justices

_____
The Honorable Douglas G. Harkin
Judge of the District Court sitting
for Chief Justice J.A. Turnage