No. 90-094

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

CLINTON LOVE and ROSEMARY LOVE,
        Plaintiffs and Appellants,

    -v-

HARLEM IRRIGATION DISTRICT, LARY
MOHAR and GILBERT L. ANDERSON,
        Defendants and Respondents,

CLINTON LOVE and ROSEMARY LOVE,
        Plaintiffs and Appellants,

    -v-

KNUTE KULBECK,
    Defendant and Respondent.

FILED

'90 DEC 4 PM 3 35

ED SMITH, CLERK
MONTANA SUPREME COURT

APPEAL FROM:   District Court of the Seventeenth Judicial District,
               In and for the County of Blaine,
               The Honorable B. W. Thomas, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        David L. Irving, Glasgow, Montana

        For Respondent:

        Robert D. Morrison and Kathleen H. Richardson;
        Morrison, Young, Melcher, Brown & Richardson; Havre,
        Montana

                    Submitted on Briefs:  September 27, 1990

                              Decided:  December 4, 1990

Filed:

_____
            Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

When the Harlem Irrigation District discontinued delivery of water to the Loves for failure to pay water assessments, Loves brought suit against the Irrigation District for failure to give adequate notice. The District Court of the Seventeenth Judicial District, Blaine County, granted the defendants motion for summary judgment based on immunity. From that order, plaintiffs appeal. We affirm.

The sole issue for our review is: Did the District Court err in granting summary judgment in favor of defendants on the basis of immunity?

Plaintiffs (Loves) owned and operated a family farming and ranching operation located within the Harlem Irrigation District (Irrigation District) located in Blaine County, Montana. The Irrigation District was established pursuant to § 85-7-101, MCA, and is a public corporation for the promotion of the public welfare. The commissioners of the Irrigation District are qualified and elected pursuant to state law. §§ 85-7-1501 and 85-7-1702, MCA. The individual defendants, Larry Mohar (Mohar), Gilbert L. Anderson (Anderson) and Knute Kulbeck (Kulbeck) were the commissioners for the Irrigation District at the time relevant to this litigation.

The Loves were members of the Irrigation District since 1967. As such members they were assessed bi-yearly taxes for the operation of the Irrigation District. The Loves paid their assessment up to and including the installment for the first half

2

of 1980. However, the second installment for 1980 and all subsequent installments up to the time of this litigation were not paid.

On May 12, 1983, the Irrigation District sent a certified letter to the Loves which read:

Dear Mr. and Mrs. Love:

It was brought to the attention of the Board, during the State audit which was completed in March, 1983, that water assessments on your property are more than two years in arrears. Pursuant to Montana Law Section 85-7-1902, the Harlem Irrigation District wishes to advise you that as of May 25, your water service will be terminated unless delinquent water assessments are paid.

We regret that this action has become necessary. We also wish to advise you that delinquent water assessments may be paid separately when county taxes are also delinquent.

If payment has been made since May 9, please disregard this notice.

Sincerely yours,

Gilbert L. Anderson
President

The letter was not picked up by the Loves and was returned to the Irrigation District. The water assessment was not paid and water was not delivered to the Loves. The Loves' claim that their crops failed as a result.

Loves filed suit on August 5, 1983, alleging that the Irrigation District and the individual commissioners were liable for crop losses and punitive damages. On November 28, 1983, the District Court ruled that the Loves were not in fact two years delinquent in their water assessments until 5:00 pm, May 31, 1983. The Irrigation District erred in its position that the Loves were

3

delinquent prior to that date.

Discovery and litigation continued, and six years later, on November 9, 1989, the District Court entered its order allowing the defendants to amend its answer to raise immunity as an affirmative defense. Final judgment was entered on November 20, 1989, granting defendants motion for summary judgment on the grounds of immunity.

On December 4, 1989, the Loves made a motion to amend the order and for new trial based, in part, upon newly discovered evidence. The District Court ruled that the new evidence was incompetent, and declined to reverse its summary judgment. This appeal followed.

Did the District Court err in granting summary judgment in favor of defendants on the basis of immunity?

The Loves argue that under Montana law, the immunity issue is considered an affirmative defense. They maintain that the defenses of laches and estoppel should control since defendants had never raised the immunity defense through six and one-half years of litigation. Loves further contend that defendants are not immune because they did not act as a legislative body.

Summary judgment is proper only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. Any inferences to be drawn from the factual record must be resolved in favor of the party opposing summary judgment and summary judgment is never a substitute for a trial on the merits. Hoven v. First

Bank (N.A.) - Billings (1990), 797 P.2d 915, 47 St.Rep. 1563.

In this case there are no genuine issues of material fact. The Irrigation District is clearly a "governmental entity" within the meaning of § 2-9-111, MCA. As defendants point out, "governmental entity" includes "political subdivisions" as defined in § 2-9-101(5), MCA:

> "Political subdivision" means any county, city, municipal corporation, school district, special improvement or taxing district, or any other political subdivision or public corporation. (emphasis added).

Section 85-7-109, MCA, provides:

> Every irrigation district so established is a public corporation for the promotion of the public welfare, and the lands included therein shall constitute all the taxable and assessable property of such district for the purposes of this chapter. (emphasis added).

Under § 2-9-111(2), MCA, a "governmental entity is immune from suit for an act or omission of its legislative body or a member, officer, or agent thereof." Harlem Irrigation District is clearly a governmental entity immune from suit under these definitions. Under § 2-9-111(3), MCA, the commissioners individually are immune as members of a legislative body who are immune from suit for damages arising from action by the legislative body.

The Loves urge that defendants waited too long to raise immunity as a defense. We disagree. Rule 15(a), M.R.Civ.P. empowers the district courts with broad discretion to grant leave to amend. In Priest v. Taylor (1987), 227 Mont. 370, 378, 740 P.2d 648, 653, this Court stated:

> Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded . . . . If the underlying facts or circumstances

relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.

Here, the District Court allowed the amendment "in the furtherance of justice" and "in order that all issues could be given full consideration." The District Court pointed out that at no time did the Loves ask for time for further discovery. In addition, the Loves failed to submit evidence showing they were prejudiced by the amendment.

We hold that the District Court correctly granted summary judgment in favor of defendants on the basis of immunity. Therefore, we conclude that we need not discuss the other issues raised by the parties.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice John C. Sheehy, dissenting:

I dissent as vigorously as I can from this reckless court-grant of immunity to irrigation districts and their commissioners. The majority decision is a follow-up from Bieber v. Broadwater County (1988), 232 Mont. 487, 759 P.2d 145; Peterson v. Great Falls School District No. 1 (1989), 237 Mont. 376, 773 P.2d 316; and State ex rel. Eccleston v. District Court (1989), 240 Mont. 44, 783 P.2d 363. In Eccleston, in my dissent, I stated that the immunity trilogy was the most extensive, even of monarchical history, and that the majority had excused the king's men, his feudal lords and all their vassals, 783 P.2d at 370 (Sheehy, J. dissenting). This case demonstrates the dire results from granting immunity to the feudal lords.

Section 2-9-111, MCA, is a grant of legislative immunity. Neither the irrigation district nor its commissioners were acting legislatively in this case. In holding non-discretionary functions of administrative decisions to be legislative in character, and therefore entitled to immunity, the majority have stretched to a greater extent than any other court the concept of the legislative activity. In Utah, where the Supreme Court of that state holds that state discretionary functions of governmental agents are entitled to immunity, ordinary routine matters at the operational level are not considered to be discretionary functions. That court has recently said in Hansen v. Salt Lake County (Utah 1990), 794 P.2d 838, 846 (Durham, J.):

7

Because we do not know which of defendant's arguments the trial court accepted in granting defendant's first motion to dismiss, we must also address Hansen's contention that defendant's actions were not discretionary functions for which the immunity generally waived for negligence is specifically retained. Utah Code Ann., § 63-30-10(1)(a).

As early as Carrol v. State Road Commission, 27 Utah.2d 384, 496 P.2d 888 (1972), we held that discretionary functions are those requiring evaluation of basic governmental policy matters and do not include acts and decisions at the operational level--those everyday, routine matters not requiring "evaluation of broad policy factors." 27 Utah.2d at 389, 496 P.2d at 891. We noted in Frank that the discretionary function exception is "intended to shield those governmental acts and decisions impacting on large numbers of people in a myriad of unforeseeable ways from individual and class legal actions, the continual threat which would make public administration all but impossible." Frank, 613 P.2d at 520.

In Doe v. Arguelles, 716 P.2d 279, 283 (Utah 1985), we held that a "decision or action implementing a pre-existing policy is operational in nature and is undeserving of protection under the discretionary function exception." In that case, a 14-year-old was sexually assaulted by a juvenile offender who was on placement in the community but had not been discharged from the Youth Detention Center. The victim's guardian sued the juvenile offender, the state, and the supervising probation officer, the latter two defendants on the theory of negligent supervision. Although we recognize that "a probation officer's policy decisions are discretionary," we held that "acts implementing the policy must be considered by a case-by-case basis to determine whether they are ministerial and thereby outside the immunity protections." Id. The case had been decided below on summary judgment and reversed and remanded for trial.

The County argues that in its efforts to remove obstacles from the natural channel of Big Cottonwood Creek as part of its flood control program, its conduct necessarily involved an exercise of judgment and constituted a discretionary function. We disagree. We rejected this literal interpretation of "discretionary" in our earliest cases involving section 63-30-10(1)(a). (Citing a case.)

794 P.2d at 846.

8

The majority of this Court has persisted in considering that routine everyday matters of administering governmental agencies or public corporations are legislative acts, and covered under the legislative immunity provisions of § 2-9-111, MCA. That erroneous concept has created a flood of decisions now rising to this Court from the District Courts, all because the District Courts are taking the majority at their word, and applying legislative immunity to every possible act of government.

In this case, the implications of immunity are frightening. Although § 85-7-1913, MCA, requires the Board of Commissioners of an irrigation district to keep a complete book and record of all of its actions, minutes of meetings and "other matters of every kind pertaining to or belonging to the irrigation district" no such record was kept here. No order or resolution of the Board of Commissioners exists which would show an official action on the part of the Board to discontinue the water to the Loves. The District Court in this case had already decided that when the water was cut off from the Loves by the persons acting in the purported role of the Commissioners, their tax assessments were not delinquent so as to require the suspension of the water rights. In consequence, their farm did not receive the water it needed and they lost an entire crop year and perhaps other losses not now detailed before us.

The majority ought to be thinking what this decision means to every water user in an irrigation district in Montana: Under this decision, the district and its agents are immune not only for their

negligent acts but for their willful and wanton acts which constitute a tort.

The right of an irrigation district to regulate, supervise and apportion water under § 85-7-1922, MCA, does not apply to users in the district who have water rights or ditch rights established by court decree, use, appropriation or otherwise. Yet, under this decision, the negligent or wanton refusal of the District to supply the water to which the member of the District may otherwise be lawfully entitled will subject the irrigation district and its agents to no liability, in spite of such water rights.

Thus, all water users within an irrigation district face the same risk of ruin that the Loves in this case have endured. The Commissioners apparently wrongfully deprived them of their water, and this Court says they have no recourse at law.

Well might public officials and commissioners of irrigation districts salute the majority of this Court. Immunity is never having to say you're sorry.

_John C. Sheehy_
Justice

I concur with the foregoing dissent of Justice John C. Sheehy.

_William E. Hunter_
Justice