JUSTICE SHEEHY,
dissenting:
I dissent as vigorously as I can from this reckless court grant of immunity to irrigation districts and their commissioners. The majority decision is a follow-up from Bieber v. Broadwater County (1988), 232 Mont. 487, 759 P.2d 145, Peterson v. Great Falls School District No. 1 (1989), 237 Mont. 376, 773 P.2d 316, [8 Ed Law 61,] and State ex rel. Eccleston v. District Court (1989), 240 Mont. 44, 783 P.2d 363, 8 Ed Law 146G]. In Eccleston, in my dissent, I stated that the immunity trilogy was the most extensive, even of monarchical history, and that the majority had excused the king’s men, his feudal lords and all their vassals, 783 P.2d at 370 (Sheehy, J. dissenting). This case demonstrates the dire results from granting immunity to the feudal lords.
*448 Section 2-9-111, MCA, is a grant of legislative immunity. Neither the irrigation district nor its commissioners were acting legislatively in this case. In holding non-discretionary functions of administrative decisions to be legislative in character, and therefore entitled to immunity, the majority have stretched to a greater extent than any other court the concept of the legislative activity. In Utah, where the Supreme Court of that state holds that state discretionary functions of governmental agents are entitled to immunity, ordinary routine matters at the operational level are not considered to be discretionary functions. That court has recently said in Hansen v. Salt Lake County (Utah 1990), 794 P.2d 838, 846 (Durham, J.):
“Because we do not know which of defendant’s arguments the trial court accepted in granting defendant’s first motion to dismiss, we must also address Hansen’s contention that defendant’s actions were not discretionary functions for which the immunity generally waived for negligence is specifically retained. Utah Code Ann., § 63-30-10(l)(a).
“As early as Carroll v. State Road Commission, 27 Utah. 2d 384, 496 P.2d 888 (1972), we held that discretionary functions are those requiring evaluation of basic governmental policy matters and do not include acts and decisions at the operational level — those everyday, routine matters not requiring ‘evaluation of broad policy factors.’ 27 Utah.2d at 389, 496 P.2d at 891. We noted in Frank [v. State, 613 P.2d 517 (1980)] that the discretionary function exception is ‘intended to shield those governmental acts and decisions impacting on large numbers of people in a myriad of unforeseeable ways from individual and class legal actions, the continual threat which would make public administration all but impossible.’ Frank, 613 P.2d at 520.
“In Doe v. Arguelles, 716 P.2d 279, 283 (Utah 1985), we held that a ‘decision or action implementing a preexisting policy is operational in nature and is undeserving of protection under the discretionary function exception.’ In that case, a 14-year-old was sexually assaulted by a juvenile offender who was on placement in the community but had not been discharged from the Youth Detention Center. The victim’s guardian sued the juvenile offender, the state, and the supervising probation officer, the latter two defendants on the theory of negligent supervision. Although we recognize that ‘a probation officer’s policy decisions are discretionary,’ we held that ‘acts implementing the policy must be considered by a case-by-case basis to determine whether they are ministerial and thereby outside the *449 immunity protections/ Id. The case had been decided below on summary judgment and reversed and remanded for trial.
“The County argues that in its efforts to remove obstacles from the natural channel of Big Cottonwood Creek as part of its flood control program, its conduct necessarily involved an exercise of judgment and constituted a discretionary function. We disagree. We rejected this literal interpretation of ‘discretionary’ in our earliest cases involving section 63-30-10(l)(a). (Citing a case.)”
794 P.2d at 846.
The maj ority of this Court has persisted in considering that routine everyday matters of administering governmental agencies or public corporations are legislative acts, and covered under the legislative immunity provisions of § 2-9-111, MCA. That erroneous concept has created a flood of decisions now rising to this Court from the District Courts, all because the District Courts are taking the majority at their word, and applying legislative immunity to every possible act of government.
In this case, the implications of immunity are frightening. Although § 85-7-1913, MCA, requires the Board of Commissioners of an irrigation district to keep a complete book and record of all of its actions, minutes of meetings and “other matters of every kind pertaining to or belonging to the irrigation district” no such record was kept here. No order or resolution of the Board of Commissioners exists which would show an official action on the part of the Board to discontinue the water to the Loves. The District Court in this case had already decided that when the water was cut off from the Loves by the persons acting in the purported role of the Commissioners, their tax assessments were not delinquent so as to require the suspension of the water rights. In consequence, their farm did not receive the water it needed and they lost an entire crop year and perhaps other losses not now detailed before us.
The majority ought to be thinking what this decision means to every water user in an irrigation district in Montana: Under this decision, the district and its agents are immune not only for their negligent acts but for their willful and wanton acts which constitute a tort.
The right of an irrigation district to regulate, supervise and apportion water under § 85-7-1922, MCA, does not apply to users in the district who have water rights or ditch rights established by court decree, use, appropriation or otherwise. Yet, under this decision, the *450 negligent or wanton refusal of the District to supply the water to which the member of the District may otherwise be lawfully entitled mil subject the irrigation district and its agents to no liability, in spite of such water rights.
Thus, all water users within an irrigation district face the same risk of ruin that the Loves in this case have endured. The Commissioners apparently wrongfully deprived them of their water, and this Court says they have no recourse at law.
Well might public officials and commissioners of irrigation districts salute the majority of this Court. Immunity is never having to say you’re sorry.
JUSTICE HUNT concurs with the foregoing dissent of JUSTICE SHEEHY.