[Civ. No. 7479.   Third Dist.   May 19, 1948.]

HAMMOND LUMBER COMPANY (a Corporation), Appellant, v. THE BOARD OF SUPERVISORS OF HUMBOLDT COUNTY et al., Respondents.

Huber & Goodwin for Appellant.

Carl L. Christensen, Jr., and Emery F. Mitchell for Respondents.

PEEK, J.—This is an appeal from the judgment of the Superior Court of Humboldt County sustaining respondents' demurrer without leave to amend and granting their motion to quash the writ of review previously granted.

By its petition in said court petitioner sought a writ of review to determine the jurisdiction of the board of supervisors. to order the annexation of the Patrick's Point, Stone Lagoon and Orick Elementary School Districts to the Arcata Union High School District under Education Code, sections 3761 and 3762.

Section 3761 provides:

"A majority of the electors residing in any school district contiguous to a high school district, in the same or adjoining counties, as shown by the affidavits of one or more of the petitioners, may present to the superintendent of schools, who has jurisdiction over the high school district, a petition for the annexation of the school district to the high school district. The petition shall be accompanied by an agreement signed by a majority of the members of the high school board of the district to which annexation is desired, and by a majority of the trustees of the school district, consenting to the annexation and setting forth the terms of the annexation. The superintendent of schools shall, after verifying the signatures and finding them sufficient, transmit the petition and agreement to the board of supervisors of his county with his recommendations."

Section 3762 provides:

"After receiving the petition together with the recommendations of the superintendent, the board of supervisors may make an order annexing the school district to the high school district upon the terms agreed upon."

The alleged grounds for contesting the annexation were (1) that the Stone Lagoon and Orick Elementary School Districts were not contiguous to the Arcata Union High School District, (2) that the petition for annexation of the Patrick's Point District was not signed by a majority of the resident electors in said district as required by statute and in fact was opposed by a majority of the electors, and (3) that one petition containing the signatures of 12 resident electors of the Patrick's Point District did not include an affidavit attesting to its sufficiency, also as required by said section 3761.

In addition to their demurrer to said petition on the ground that it did not state facts sufficient to constitute a cause of action or to authorize the issuance of the writ, respondents filed a motion to quash the writ, likewise on the ground that said petition did not state facts sufficient to authorize the issuance thereof; that petitioner was guilty of laches; that the petition for review was not the proper remedy, and that there was a misjoinder of parties. The trial court sustained the demurrer without leave to amend and quashed the writ on the grounds that the proceedings of the board culminating in its order of annexation were not judicial in character and therefore not subject to review by certiorari, and that appellant was barred by laches, both of which conclusions appear to be well founded.

It has long been the rule in this state that the power of a board of supervisors to act under the authority delegated to it by the Legislature must be measured by the applicable statutes. (*Antelope Val. U. H. S. Dist.* v. *McClellan,* 55 Cal. App..244 [203 P. 147].) Analyzing the two sections in question herein in the light of such rule, it appears that the first (3761) merely provides for the presentment of a petition, in accordance with certain provisions therein set forth, to the county superintendent of schools who shall verify the signatures, and if found to be sufficient, transmit the petition to the board of supervisors with his recommendation, and under the provisions of the following section (3762) the board in its discretion may order the annexation in accordance with the terms of the petition.

From such examination of said sections it is immediately apparent that the procedural scheme approved therein has none of "the usual elements of a judicial proceeding, the notice, the hearing, the taking of evidence, and the judgment." (*Imperial Water Co.* v. *Supervisors*, 162 Cal. 14, 19 [120 P. 780].) All that is contemplated is that a discretionary order may be made either approving or rejecting the recommendation of the county superintendent of schools.

It cannot be denied that a school district is for a public purpose and therefore may be created, altered or abolished at the will of the Legislature acting either directly or indirectly through a local board of supervisors to which the exercise of such power has been delegated. (*Antelope Val. U. H. S. Dist.* v. *McClellan, supra.*) As was stated in the case last cited, in the first instance this power is of legislative origin, but whether exercised by the Legislature or by the board of supervisors it still is a legislative act to be measured by the statutory enactment in question. In this regard it should be noted that said section 3761 is substantially the same as former section 1734 of the Political Code, as amended by statutes of 1909, under which the Antelope Valley case arose.

Lastly appellant complains of the action of the trial court in invoking the doctrine of laches. Inasmuch as the writ of certiorari is not one of right it will not issue as a matter of course but must rest upon the sound discretion of the trial court, and as this court stated in *Swars* v. *Council of the City of Vallejo,* 64 Cal.App.2d 858, 865 [149 P.2d 397], it will be denied where the granting thereof would work an injustice. (See also 14 C.J.S. 212 and 4 Cal.Jur. 1062.) Here it appears from the order of the trial court that the newly created high school district had been organized for nearly a year and was operating as such prior to the application for the writ; that no facts were alleged by petitioner to excuse this delay in the prosecution of the writ, and that counsel for petitioner had actual knowledge of the order, having been before the board when it was made. Under these circumstances we cannot say that the order of the trial court, insofar as the question of laches is concerned was such an abuse of discretion as to warrant intervention by this court.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.