[Crim. No. 2482. Fifth Dist. Jan. 15, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
BRYAN ELWOOD LANGDON, Defendant and Appellant.

COUNSEL

Kenneth R. Ballard for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Eddie T. Keller and Carole Bartlett Hogan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

BROWN (G. A.), P. J.—Bryan Elwood Langdon was convicted by a jury in the Madera-Sierra Judicial District of misdemeanor drunk driving in violation of Vehicle Code section 23102, subdivision (a). He challenged the composition of the jury panel on the ground that it was drawn only from residents of the former Madera Judicial District, which challenge was disallowed by the justice court judge before whom the case was tried. On appeal to the Appellate Department of the Superior Court of Madera County the conviction was reversed. This court accepted certification. (Cal. Rules of Court, rule 63 (a).)

■ We have concluded that though it is constitutionally and statutorily permissible to draw criminal trial jurors from a representative cross-section of a geographical area wherein a crime is committed, a board of supervisors has no power to authorize a county clerk to excuse prospective jurors from serving on a jury list or to establish blanket geographical classifications of those residents of an entire justice court judicial district who shall not serve, that power being vested in a judge of the judicial district. ■ However, the procedure employed in this instance, though improper, did not deny the defendant a fair trial and his conviction will be affirmed.

The facts are stipulated. Pursuant to legislative authority (Gov. Code, § 71040.5),[1] the Board of Supervisors of the County of Madera passed Ordinance No. 403 which consolidated the former Madera and Sierra Judicial Districts into one, to be known as the Madera-Sierra Judicial District. The ordinance became effective May 1, 1975. The former Sierra Judicial District contained a population of approximately 10,000 persons, and the former Madera Judicial District contained approximately 22,000 persons.

The crime cf which defendant was accused was committed in the geographical area comprising the former Madera Judicial District. The jury that tried him was selected from a panel of 45 persons who were residents of the former Madera Judicial District, and the trial was held in that area.

The selection of the jury was made pursuant to section 1.18.040 of Ordinance No. 403 which in pertinent part directed: "The said judicial

---

[1]See *County of Madera* v. *Superior Court* (1974) 39 Cal.App.3d 665 [114 Cal.Rptr. 283], which held legislative authority was essential to legally consolidate the Madera and Sierra Judicial Districts into one judicial district.

district [Madera-Sierra] is divided for the trial of criminal cases whereby juries will be selected from the present Sierra Judicial District for any crime committed within that area and said trial shall be at the Mountain Government Center at Bass Lake within said area; also, juries shall be selected from the area now enclosed in the Madera Judicial District for the trial of the defendants committing the crime within said area and the trial shall be at the County Government Center in the City of Madera."

It is now settled that a procedure such as that contemplated by section 1.18.040 of selecting a jury from a part of a geographical area within which a crime is committed does not deny a defendant his constitutional right to be tried by an impartial jury under the Sixth or Fourteenth Amendments to the United States Constitution. A jury is deemed to be impartial under the Sixth Amendment if the source from which it is drawn reasonably reflects a representative cross-section of the community, that is, if there has been no systematic exclusion of an identifiable segment of the community from the panel. (*Taylor* v. *Louisiana* (1975) 419 U.S. 522, 526-531 [42 L.Ed.2d 690, 695-698, 95 S.Ct. 692, 697-698]; *Peters* v. *Kiff* (1972) 407 U.S. 493, 500 [33 L.Ed.2d 83, 92, 92 S.Ct. 2163, 2167]; *People* v. *Jones* (1973) 9 Cal.3d 546, 549-550 [108 Cal.Rptr. 345, 510 P.2d 705].)

Thus, in *Adams* v. *Superior Court* (1972) 27 Cal.App.3d 719, 728 [104 Cal.Rptr. 144], the court stated that as long as the representative cross-section principle, as referred to above, is complied with, ". . . it is constitutionally permissible to enact provisions, aimed at minimizing inconvenience to jurors and expense to the county, which limit the geographical area from which jurors are chosen for service in a particular judicial district." (See *People* v. *Jones, supra,* 9 Cal.3d at p. 553; *People* v. *McDowell* (1972) 27 Cal.App.3d 864, 871-875 [104 Cal.Rptr. 181].)

However, as will be explained, Ordinance No. 403 does contravene the statutory procedure for drawing of jurors in justice courts as set forth in Code of Civil Procedure section 231 and in this regard was beyond the statutory power of the Board of Supervisors of Madera County.

The board of supervisors is a creature of state statute and the state Constitution; therefore, its authority for doing any act must be contained in either the state statutes or the state Constitution, either expressly or by necessary implication (*County of Modoc* v. *Spencer* (1894) 103 Cal. 498, 499 [37 P. 483]; *Byers* v. *Board of Supervisors* (1968) 262

Cal.App.2d 148, 157 [68 Cal.Rptr. 549]; *H. D. Haley & Co.* v. *McVay* (1924) 70 Cal.App. 438, 441-442 [233 P. 409].) Moreover, the power of the board of supervisors to act under authority delegated to it by the Legislature must be measured by applicable statutes. (*Hammond Lbr. Co.* v. *Board of Supervisors* (1948) 85 Cal.App.2d 568, 570 [193 P.2d 503].)

Turning to the applicable statutes, it is first to be observed that Penal Code section 1059 provides in substance that a challenge to a jury panel in a criminal matter may be founded on a material departure from the "forms" prescribed in respect to the drawing and return of the jury in civil actions. The procedure in part prescribed by the Legislature for selection of a jury in a justice court civil action is set forth in Code of Civil Procedure section 231. That section provides in essence for justice courts in January of each year to make an order designating the estimated number of trial jurors that will be needed by the court during the ensuing year. The county clerk thereupon selects a list of qualified persons to serve as jurors during the ensuing year and files that list with the justice court. The court draws upon this list for its trial jurors as the need arises.

First, in arguing that Ordinance No. 403 conflicts with the statute, defendant points to the language in Code of Civil Procedure section 231 which states, "[t]he selections and lists shall be made of persons . . . resident respectively in the judicial district in which the court is established . . . ." His position is that in ordering jurors to be drawn from only part of the judicial district, section 1.18.040 of Ordinance No. 403 is in conflict with the legislative will. The argument is implausible and specious. Since the residents of the former Sierra and Madera Judicial Districts are all residents of the new Madera-Sierra Judicial District, they are all "resident[s] . . . in the judicial district in which the court is established . . .," and the provisions of Code of Civil Procedure section 231 are therefore not violated.[2]

Secondly, defendant points to a conflict between the duties of the county clerk under Code of Civil Procedure sections 201 and 231 and those imposed by Ordinance No. 403. Section 231 provides in relevant

---

[2]Respondent's attempt to distinguish between jury "list" and "panels," arguing that Code of Civil Procedure section 231 is applicable only to the former and not the latter, results in a conclusion based on form over substance. The practical effect of section 1.18.040 is the creation of two geographical groups of jurors within the judicial district. Whether the groups are broken down on the master list itself, are maintained on two separate master lists or are segregated when the jury panels are composed are mere technicalities and are not the determining factors resolving the issue at bar.

part that ". . . the county clerk of the county in which said [justice] court is held shall select a list of men and women to serve as trial jurors in such court . . . ." The only restrictions the Legislature has placed upon the selection of justice court juries are that: "The selections and lists shall be made of persons suitable and competent to serve as jurors resident respectively in the judicial district in which the court is established, and in making such selections the county clerk shall take the names of such only as are not exempt from serving, who are in the possession of their natural faculties, are not infirm or decrepit, of fair character and approved integrity, and of sound judgment." (Code Civ. Proc., § 231.) The official empowered by statute to grant excuses of potential jurors from justice court service is the judge of the justice court. (Code Civ. Proc., § 201.)

It is readily apparent that section 1.18.040 of the ordinance in question has the effect of placing additional restrictions on justice court jury selection by either (1) limiting the county clerk in his selection of qualified jurors by imposing an additional qualification for jury service, viz, that the juror must be a resident of the geographic subdivision of the judicial district wherein the crime was committed; or (2) infringing on the justice court's excuse-granting authority to the extent that qualified jurors not residing in the subdivision wherein the crime occurred are excused. Although the board of supervisors has authority to supervise county officers in order to insure that they faithfully perform their duties (see Gov. Code, § 25303), it does not have the power to perform the county officers' statutory duties for them or to direct the manner in which the duties are performed. Thus, by imposing geographic restrictions on jury selection where the Legislature has not seen fit to impose such restrictions either itself or through a delegation of power to the county board of supervisors, the board exceeded its authority. As this court declared in *County of Madera* v. *Superior Court, supra,* 39 Cal.App.3d at page 669 [114 Cal.Rptr. 283]: "[A]lthough the county board of supervisors has authority to legislate with respect to local matters, the functioning of the courts is a statewide and not a local matter and this power is specifically granted to the Legislature. [Citations.]"

Accordingly, it is concluded that section 1.18.040 is an invalid attempt by the board of supervisors to direct the manner in which jury panels are compiled for use in justice courts and is beyond the statutory power of that body.[3]

---

[3]We point out in passing, however. that the justice court does have the authority to grant excuses to jurors and that the geographical size and topography of the

Though the jury selection process was in violation of statute, there is no showing that the defendant was prejudiced thereby or that he was deprived of a fair trial.[4] As has been noted, there was no constitutional violation resulting from the method in which the defendant's jury panel was selected.

■ It is a well settled principle of law in this state that before a conviction will be reversed because of an improperly selected jury panel it must be shown that the impropriety denied the defendant a fair trial; i.e., it is not enough that the improper selection resulted from statutory violation, defendant must establish that the violation denied him his constitutional right to be tried by an impartial jury. (*People* v. *White* (1954) 43 Cal.2d 740, 753 [278 P.2d 9]; *People* v. *Sowell* (1904) 145 Cal. 292, 296-297 [78 P. 717]; *People* v. *Taylor* (1975) 46 Cal.App.3d 513, 531-532 [120 Cal.Rptr. 762]; *People* v. *Scahill* (1967) 250 Cal.App.2d 108, 114 [58 Cal.Rptr. 463]; *People* v. *Hess* (1951) 104 Cal.App.2d 642, 669 [234 P.2d 65].) As the court in *People* v. *Hess, supra,* declared: "As a general rule, errors and irregularities in failing to comply strictly with the statutes in making up a jury list, when there is no resultant prejudice to the parties involved in litigation, [do] not invalidate the list [citations]. A defendant cannot complain if he is tried by an impartial jury and can demand nothing more." (104 Cal.App.2d at p. 669.)

In defining the requisite "material departure" found in Penal Code section 1059, the court in *People* v. *Sowell, supra,* stated: "[T]he law has recognized possible departures from what is required, and to meet them has provided that not every such departure should be a successful ground of challenge, but only material ones. Material departures are only such as affect the substantial rights of a defendant in securing an impartial jury . . . ." (145 Cal. at p. 296.)

■ Finally, the burden is on the defendant to demonstrate the likelihood of prejudice from the improper selection (*People* v. *Scahill,*

Madera-Sierra Judicial District and the location of the principal population centers therein may well justify blanket geographical restrictions on the selection of jurors. If an ordinance is so drawn as to place the implementation of these concepts in the hands of the court (see *People* v. *McDowell, supra,* 27 Cal.App.3d at pp. 876-877), no reason appears at this juncture why it would not withstand attack.

[4]The parties stipulated ". . . that in this selection the Jury Commissioner made no discrimination in her roles for a panel other than to exclude, in drawing the venire, people who lived and were residents in the Sierra Judicial District."

*supra,* 250 Cal.App.2d at p. 114; *Peters* v. *Kiff, supra,* 407 U.S. 493) and that burden has not been met in this case.

The judgment of the justice court is affirmed.

Gargano, J., and Franson, J., concurred.