MR. JUSTICE GULBRANDSON
delivered the Opinion of the Court.
Vicki Peterson appeals the July 20, 1988 order of the Eighth Judicial District, Cascade County, granting the defendant-respondent’s motion for summary judgment. The District Court found Peterson’s cause of action against the school district is barred by § 2-9-111, MCA, and recent decisions interpreting that statute. We affirm the order of the District Court.
Peterson was terminated from her employment as a custodian with the Great Falls School District Number 1 and A (District) in May of 1984. According to the complaint, the basis for the termination was Peterson’s alleged refusal, for safety reasons, to empty 55 gallon trash drums into a dumpster. Prior to her termination, Peterson alleges she attempted to have the District change her duties so she would not be required to lift and empty these containers. The answer indicates the District declined to change her duties, allegedly directing her to obtain assistance in emptying the containers. When Peterson later refused to empty the 55 gallon drums, her employment was terminated. The termination was carried out by an administrative assistant employed by the District. Peterson then brought this action for wrongful discharge alleging the District’s requirement that she empty the 55 gallon containers created an unsafe work place and violated a Great Falls city ordinance prohibiting the use of 55 gallon drums for garbage purposes. In an amended answer, the District raised legislative immunity as an affirmative defense, citing § 2-9-111, MCA. Section 2-9-111, MCA, provides:
*378 “Immunity from suit for legislative acts and omission. (1) As used in this section:
“(a) the term ‘governmental entity’ includes the state, counties, municipalities, and school districts;
“(b) the term ‘legislative body’ includes the legislature vested with legislative power by Article V of the Constitution of the State of Montana and any local governmental entity given legislative powers by statute, including school boards.
“(2) A governmental entity is immune from suit for an act or omission of its legislative body or a member, officer, or agent thereof.
“(3) A member, officer, or agent of a legislative body is immune from suit for damages arising from the lawful discharge of an official duty associated with the introduction or consideration of legislation or action by the legislative body.
“(4) The immunity provided for in this section does not extend to any tort committed by the use of a motor vehicle, aircraft, or other means of transportation.”
The District then moved for summary judgment based upon legislative immunity. The District Court granted the motion for summary judgment. On appeal of that order the appellant presents the following two issues:
1. Does § 2-9-111, MCA, provide Great Falls School District Number 1 and A immunity for the act of its administrative assistant in terminating Vicki Peterson?
2. Does § 2-9-111, MCA, violate Vicki Peterson’s right to full legal redress guaranteed by Article II, § 16, of the Montana Constitution?
In her first issue, Peterson contends that the act of terminating her was an administrative action, not a legislative action and therefore the immunity granted in § 2-9-111, MCA, is not applicable to this case. However, we find the question of what immunity is provided may be answered by simply examining the plain meaning of the words used in § 2-9-111, MCA. W.D. Construction, Inc. v. Board of County Commissioners of Gallatin County (1985), 218 Mont. 348, 707 P.2d 1111. While the title of the statute infers that the immunity granted is for legislative acts or omissions, the actual language employed in defining and granting the immunity is much broader. Subsection (2) (the primary enabling subsection) grants immunity to a governmental entity for an act or omission of its legislative body. Further, this immunity applies to the acts or omissions of members, officers, or agents of those legislative bodies. Section 2-9-111(2), MCA. Subsection (l)(a) expressly includes school districts in *379 the definition of governmental entities, and Subsection (l)(b) includes school boards under the term legislative body. Subsection (3) provides that such immunity to the aforementioned members, officers, or agents of a legislative body is for their “lawful discharge of an official duty associated with the introduction or consideration of legislation or action by the legislative body.” (Emphasis added.) Section 2-9-111(3), MCA. The only specific limitation on this governmental immunity is found in Subsection (4) which provides that this immunity “does not extend to any tort committed by the use of a motor vehicle, aircraft, or other means of transportation.” Section 2-9-111(4), MCA.
Based upon the plain language of the statute and case law interpreting the statute, the court found that the action of the legislative body need not be legislative in nature to afford immunity. Citing W.D. Construction v. Board of County Commissioners of Gallatin County, supra; Barnes v. Koepke (Mont. 1987), [226 Mont. 470,] 736 P.2d 132, 44 St.Rep. 810; and Bieber v. Broadwater County (Mont. 1988), [232 Mont. 487,] 759 P.2d 145, 45 St.Rep. 1218. Recently in the Bieber case we upheld the granting of summary judgment in a wrongful discharge case involving § 2-9-111, MCA. There a county commissioner terminated a county road worker for damaging county equipment. The other county commissioners later ratified this termination. On appeal, we held that § 2-9-111, MCA, provides immunity to the county commissioners and the individual commissioner who lawfully discharges an official duty of that legislative body.
Comparing the Bieber case with the facts in this case, we find the only differences are that the governmental entity in this case is a school board, rather than the comity commissioners, and that the party performing the act is an agent/employee of the legislative body, rather than a member. The statute clearly extends immunity coverage to school districts, to the school boards governing those school districts and to agents of those school boards. Further, school districts have the authority and duty to hire, retain or dismiss custodians pursuant to § 20-3-324(2), MCA. The administrative assistant, as an agent of and on behalf of the school board, legitimately exercised this authority when he discharged Peterson. The discharge was ratified by the school board at its next regularly scheduled meeting. Where an agent performs an act which is later ratified by their principal, that act is considered an action of the principal. Restatement of Agency 2d, § 218.
The District Court properly interpreted § 2-9-111, MCA, as provid *380 ing immunity from suit for the Great Falls School District 1 and A, for the action of its agent in executing an official duty of the School District in discharging Peterson. Since there were no material issues of fact and the defendant was immune from suit for the alleged cause of action as a matter of law, the court correctly granted the defendant’s motion for summary judgment. Evans v. Montana National Guard (Mont. 1986), [223 Mont. 482,] 726 P.2d 1160, 1161, 43 St.Rep. 1930, 1932.
Peterson also argues that the granting of immunity under § 2-9-111, MCA, violates her fundamental right to full legal redress contained in Article II, § 16, of the 1972 Montana Constitution. She contends the State must show a compelling state interest in order to restrict, limit or modify her right to full legal redress. Pfost v. State (Mont. 1985), [219 Mont. 206,] 713 P.2d 495, 42 St.Rep. 1957. (The Pfost case dealt with limitations upon the State’s liability for personal injury actions imposed by § 2-9-107, MCA.)
This Court, however, has found the right involved in this type of action is that of access to the courts under Article II, § 16, of the 1972 Montana Constitution. In the Bieber case, in construing § 2-9-' 111, MCA, we found Article II, § 16, of the 1972 Montana Constitution guarantees access to the courts, but that that access to the courts is not a fundamental right. Bieber, 759 P.2d at 148, citing Linder v. Smith (Mont. 1981), [_ Mont. _,] 629 P.2d 1187, 1190, 38 St.Rep. 912, 915. As a fundamental right is not involved, the constitutionality of the statute is presumed and the State need only show a rational relationship to a legitimate State interest. Small v. McRae (1982), 200 Mont. 497, 524, 651 P.2d 982, 996, citing New Orleans v. Dukes (1976), 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511.
This Court has identified that rational relationship to a legitimate State interest which justifies § 2-9-111, MCA, as follows:
“The oft articulated rationale for retaining government immunity (specifically in this case legislative immunity) is to insulate a decision or law making body from suit in order to prevent its decision or law making processes from being hampered or influenced by frivolous lawsuits.”
Bieber, 759 P.2d at 148. The statute has previously passed this rational relationship test and we find Peterson’s argument of unconstitutionality must fail.
The District Court’s order granting summary judgment based upon § 2-9-111, MCA, is affirmed.
*381 MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON, WEBER and McDONOUGH concur.