No.   90-067

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

SIDNEY BURGESS,

      Plaintiff and Appellant,

-v-

LEWIS AND CLARK CITY-COUNTY
BOARD OF HEALTH,

      Defendant and Respondent.

FILED

SEP 4 1990

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Frederick F. Sherwood; Reynolds, Motl and Sherwood;
Helena, Montana

      For Respondent:

            K. Paul Stahl, Deputy County Attorney, Helena,
Montana

Submitted on briefs:   July 13, 1990

Decided:   September 4, 1990

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

The plaintiff-appellant, Sidney Burgess, brought a claim in the District Court for the First Judicial District, Lewis and Clark County, alleging violation of the Wrongful Discharge from Employment Act, breach of contract, and requesting enforcement of an agreement to arbitrate. Defendant, Lewis and Clark City-County Board of Health, made a motion to dismiss for failure to state a claim based on the theory that acts of county commissioners are immune under § 2-9-111, MCA. The District Court granted the motion to dismiss and plaintiff appeals. We affirm.

The issues presented on appeal are:

1. May an employee of a local government entity bring an action under the Wrongful Discharge from Employment Act, § 39-2-901, et seq., MCA, or is such an action prohibited by governmental immunity under § 2-9-111, MCA?

2. May an employee of a local government entity bring an action to enforce an arbitration agreement pursuant to the Uniform Arbitration Act, § 27-5-111, et seq., MCA?

Mr. Burgess was employed at Scratch Gravel Sanitary Landfill in April 1988. The Scratch Gravel Landfill District was created by the Lewis and Clark County Board of County Commissioners pursuant to § 7-13-203, MCA. The Board of Directors of a landfill district has the power and duty, with the approval of the county commissioners, to employ personnel. Section 7-13-215, MCA.

On July 1, 1988, the defendant, Lewis and Clark City-County Board of Health (Board) was designated by the Board of County

2

Commissioners as the Board of Directors of Scratch Gravel Sanitary Landfill District, pursuant to § 7-13-214, MCA.

On July 7, 1988, the Board sent a letter to Mr. Burgess terminating his employment as a result of budget changes in the new budget approved by the Board. In addition the letter encouraged Mr. Burgess to apply for a vacant position as a landfill equipment operator. The Board hired a different applicant for the equipment operator position. Alleging this violated the Board's written personnel policies, Mr. Burgess brought a claim for wrongful discharge, breach of contract, and requesting enforcement of an agreement to arbitrate. The District Court held that the Board is immune from suit under § 2-9-111, MCA, and dismissed all three counts. Mr. Burgess appeals on the wrongful discharge and arbitration claims.

I

May an employee of a local government entity bring an action under the Wrongful Discharge from Employment Act, § 39-2-901, et seq., MCA, or is such an action prohibited by governmental immunity under § 2-9-111, MCA?

Section 2-9-111, MCA, provides:

> **Immunity from suit for legislative acts and omissions.**
> (1) As used in this section:
> (a) the term "governmental entity" includes the state, counties, municipalities, and school districts;
>
> (b) . . .
>
> (2) A governmental entity is immune from suit for an act or omission of its legislative body or a member, officer, or agent thereof.

3

(3) A member, officer, or agent of a legislative body is immune from suit for damages arising from the lawful discharge of an official duty associated with the introduction or consideration of legislation or action by the legislative body.

Under this statute, acts of county commissioners are immune. Bieber v. Broadwater County (1988), 232 Mont. 487, 489, 759 P.2d 145, 147. Section 2-9-111, MCA, provides immunity even when the act is not legislative in nature. Peterson v. Great Falls School Dist. No. 1 & A (1989), 237 Mont. 376, 379, 773 P.2d 316, 318. The statute also provides immunity where an agent performs an act which is later ratified by the principal. Id. at 379-80, 773 P.2d at 318. Since § 7-13-215, MCA, requires the County Commissioners to approve the Board's act of hiring and firing personnel, the Board was acting as an agent of the County Commissioners. Therefore, the Board is immune from suit for wrongful discharge under § 2-9-111, MCA.

Mr. Burgess argues that the Wrongful Discharge from Employment Act, § 39-2-901, et seq., MCA, has limited the County's immunity in the area of wrongful discharge, citing the principle that the 1987 Act was passed later than the 1977 immunity statute.

Careful analysis of the Wrongful Discharge from Employment Act proves plaintiff's argument unpersuasive. The purpose of the Act is to set limits on wrongful discharge claims by defining relevant terms, listing the elements necessary to establish a claim, limiting remedies available, and establishing a specific statute of limitations. Section 39-2-913, MCA, eliminates common-law remedies and provides that no claim is available except as outlined in the

4

Act. In substance, the Act establishes various statutory limits for recovery upon claims for wrongful discharge. Nothing in the Act suggests a legislative intent to grant recovery where immunity statutes had previously denied recovery. Mr. Burgess has failed to present any logical support for his contention.

We hold that under § 2-9-111, MCA, the Board is immune from a wrongful discharge suit for terminating Mr. Burgess' position at the Scratch Gravel Landfill.

## II

May an employee of a local government entity bring an action to enforce an arbitration agreement pursuant to the Uniform Arbitration Act, § 27-5-111, et seq., MCA?

Mr. Burgess contends that he has a right to arbitration of his termination under the Lewis and Clark City-County Health Department Personnel Policies and Procedures Manual. Mr. Burgess' affidavit, with the Manual attached, shows Mr. Burgess would have a right to arbitration only if he had completed the six-month probationary period. He has not done so and is therefore prohibited from seeking arbitration.

The District Court's order granting dismissal on both counts is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

5

_William E. Smith_

_P. C. McDonough_

Justices