JUSTICE SHEEHY
specially concurring:
I concur with the result in this case, but not for the reasons assigned by the majority. The state argues that it is immune here because its agents were engaged in quasi-judicial functions, i.e., issuing, suspending or revoking licenses, permits and certificates, and evaluating and passing on facts. These functions are statutorily designated as quasi-judicial. Section 2-15-102(10), MCA. The state had a reasonable expectation that Koppen would control this case, since Koppen had insulated from suit the State Board of Medical Examiners on a theory of quasi-judicial immunity. Koppen v. Board of Medical Examiners (1988), 233 Mont. 214, 759 P.2d 173.
A correct result based on legal principles should see the majority backing off completely from any immunity attributed to ministerial quasi-judicial acts or non-acts of state public officials. Then this Court would be applying the true public policy of this state, that the state *236 is not immune from suit for the torts of its agents except where the legislature has specifically provided by law by a % vote of each house of the legislature. Art. II, § 18, Montana State Constitution.
The legislature has acted to provide judicial immunity, distinguished from quasi-judicial immunity in § 2-9-112, MCA. That statute provides immunity for acts or omissions of the judiciary, and limits “judiciary” to courts established under Art. VII of the State Constitution. There is no statutory provision excepting quasi-judicial acts of agencies from responsibility in tort law. That kind of immunity was gratuitously afforded by this Court in Koppen and not by act approved by %’s of each house of the legislature.
Because of Koppen, the majority, to achieve a proper result, are forced to distinguish between agencies deciding not to act (Koppen) and agencies simply not acting (this case). Thus, the majority hold an agency is still immune if it decides to do nothing, regardless of the merits of taking action, or the overwhelming duty of the agency to act. Yet, in this case, the inaction of the state employees to revoke or limit Great Western’s status as a self-insurer was in itself a type of decision.
In Koppen, I concurred with the result not because exercising a quasi- judicial function merited immunity, but because the claim of the plaintiffs was too remote from state action or inaction to incur tort liability. It is easy to apply that logic here. In Koppen, the inaction of the state was not foreseeable as a proximate cause of the wrongs later committed by the doctor. In this case, the inaction of the state employee to assure the solvency of a self-insurer foreseeably caused the harm to the plaintiffs. The issuance by the state of a license to a medical doctor is not a guarantee that the doctor will not malpractice; but on the other hand, the failure of the state to rein in an insolvent self-insurer will certainly and foreseeably wreak damage on its injured employees.
Nonetheless, I welcome the result here, for whatever reason given by the majority. Slowly, oh slowly, this Court is inching back from the harsh grants of state immunity in Peterson v. Great Falls School District (1989), 237 Mont. 376, 773 P.2d 316 [8 Ed Law 61]; Bieber v. Broadwater County (1988), 232 Mont. 487, 759 P.2d 145; State ex rel. Eccleston v. Third Judicial District Court (Mont. 1989), [240 Mont. 44,] 783 P.2d 363, 46 St.Rep. 1929 [8 Ed Law 146g] and Miller v. Fallon County (Mont. 1989), [240 Mont. 241,] 783 P.2d 419,46 St.Rep. 2087, [8 Ed Law 147]. See Mitchell v. University of Montana (Mont. 1989), [240 Mont. 261,] 783 P.2d 1337,46 St.Rep. 2109; Koch, et al. v. *237 Yellowstone County (Mont. 1990), [243 Mont. 447,] 795 P.2d 454, 47 St.Rep. 1312.
JUSTICES HUNT and HARRISON concur in the foregoing specially concurring opinion of JUSTICE SHEEHY.