JUSTICE TRIEWEILER,
concurring in part and dissenting in part:
This case is an example of how far this Court has come by by blindly following precedent — no matter how tortured and defective the reasoning on which that precedent is based. The statute intended to protect public employees during activities associated with the introduction of legislation or action of the legislative body, now protects teachers who hit students in the head with 12 pound steel balls while supervising track practice. The legislature’s effort to enable local governments to protect themselves against the liability provided for in Art. II, § 18, of the Montana Constitution, is now construed to be a waiver of immunity that the legislature never created in the first place.
This incredible decision is just the most recent example of this Court’s disregard for the Constitution, traditional rules of statutory construction, and the plain language of the statutes which are being construed.
And toward what end is such blatant judicial activism directed?
The result of today’s case, and the precedent, which according to the majority, compels today’s conclusion, is to protect wrongdoers and ignore innocent victims, even when they are 12-year-old children who sustain brain damage by the gross negligence of the adults under whose supervision they have been placed. (Unless, of course, the employer of the wrongdoer chooses to waive this generous protection.)
More significant than the poor legal reasoning which has brought us to this point is the fact that it has been carved into Montana’s common law for a bad social purpose. Hopefully this dark age for Montana jurisprudence which began with Peterson v. Great Falls School Dist. No. 1, 237 Mont. 376, 773 P.2d 316, [8 Ed.Law 61,] (1989), will soon be brought to a merciful end by the intervention of the Montana Legislature.
I concur with the result of the majority opinion. Based upon this Court’s decision in Crowell v. School Dist. No. 7 of Gallatin County, [247 Mont. 38,] 805 P.2d 522, 48 St.Rep. 81, [10 Ed.Law 8,] (1991), I agree that this case should be remanded to the District Court for *370 further proceedings consistent with that opinion. However, I disagree with the reasoning of the Crowell decision. It is clear to me that the legislature did not authorize the waiver of immunity when it authorized local governments to purchase insurance. It authorized local governments to purchase insurance because it never did create the kind of local governmental immunity that has been found to exist by this Court.
I dissent from that part of the majority’s opinion which holds that § 2-9-111, MCA, clearly and unambiguously provides immunity to Carol Field for the acts complained of by the plaintiff.
Senate Bill No. 43, which was introduced in the 45th Legislature in 1977, became what is now § 2-9-111, MCA.
That bill also included amendments to § 2-9-102, MCA, and enacted § 2-9-112, MCA (granting judicial immunity); § 2-9-113, MCA (granting gubernatorial immunity); and § 2-9-114, MCA (granting immunity to local executives). It was entitled:
“AN ACT TO SPECIFICALLY PROVIDE THE STATE, COUNTIES, TOWNS, AND ALL OTHER LOCAL GOVERNMENT ENTITIES AND THE OFFICERS, AGENTS, AND EMPLOYEES OF THOSE ENTITIES IMMUNITY FROM SUIT FOR INJURY TO A PERSON OR PROPERTY IN CERTAIN CASES IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE II, SECTION 18 OF THE CONSTITUTION OF THE STATE OF MONTANA; AMENDING SECTION 82-4310, R.C.M. 1947.” (Emphasis added.)
It is significant that the bill’s title indicated to other legislators that immunity was being granted in only “certain cases,” not in all cases, because Art. V, § 11(3), of the Constitution of Montana, provides:
“Each bill... shall contain only one subject, clearly expressed in its title. If any subject is embraced in any act and is not expressed in the title, only so much of the act not so expressed is void.”
Furthermore, the title of that bill is important in determining the intent of the legislature when § 2-9-111 was enacted. Section 1-2-102, MCA, requires that the intent of the legislature is to be pursued if possible.
With those requirements in mind, § 2-9-111, MCA, must be considered in the context of the other forms of governmental immunity which were authorized by the same Senate Bill No. 43.
Under § 2-9-112, MCA, a member or an agent of the judiciary is only immune from suit for damages arising from the duties associated with judicial actions.
Under § 2-9-113, MCA, the state and governor are only immune *371 from suit for actions involving vetoing or approving bills or calling the legislature into session.
Under § 2-9-114, MCA, a local government or its executive officers are only immune from suit where activities are associated with vetoing or approving ordinances or other legislative acts or calling the legislative body into session.
It is clear from reading these sections in combination with each other that what the legislature had in mind was to immunize legislators, judges, and executives for activities related to the enactment of laws. To interpret those sections in that fashion would also be consistent with Senate Bill No. 43’s title, which indicated that it was providing for local governmental immunity in “certain cases,” — not in all cases. The legislators who voted for that bill must be shocked by the manner in which it has been applied by this Court.
Section 2-9-111(2), MCA, provides that the governmental entity itself is immune from suit for the acts or omissions of its members, officers, or agents. The immunity provided for in that section appears to be very broad. However, the legislature saw fit to distinguish the circumstances under which immunity could be provided to the members, officers, or agents of the legislative body in their individual capacities. In subsection (3), the legislature provided:
“A member, officer, or agent of a legislative body is immune from suit for damages arising from the lawful discharge of an official duty associated with the introduction or consideration of legislation or action by the legislative body.”
It is obvious from any reasonable interpretation of these two sections that liability of individual governmental employees is granted on a much more limited basis than liability for the government itself. If not, it would have been a simple matter for the legislature to provide in subsection (2) that “a governmental entity and its employees are immune from suit from an act or omission of its legislative body, or a member, officer, or agent thereof.” The legislature chose not to do that. Therefore, this Court should not do so.
In his concurring opinion to Crowell v. School Dist. No. 7, Chief Justice J. A. Tumage correctly points out that:
“ ‘In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.’ Section 1-2-101, MCA. This is the rule of law governing statutory construction, and it is an appropriate and proper rule. There is no place *372 for individual preference or desire to become the rule of law when the Court interprets statutory language.”
I agree with Chief Justice Tumage’s conclusion regarding the proper role of this Court. However, I disagree that this Court has adhered to that rule of statutory construction when interpreting § 2-9- 111, MCA. If it did, it could certainly not have concluded that when a teacher throws a 12 pound steel ball and hits a student under her supervision on the head, that teacher’s act was “the lawful discharge of an official duty associated with the introduction or consideration of legislation or action by the legislative body.”
The result in this decision, furthermore, violates the rule of construction recognized by this Court in B.M. v. State, 200 Mont. 58, 649 P.2d 425, [1 Ed.Law 57,] (1982), where we held that every act of the legislature expanding statutory immuniiy must be clearly expressed.
In discussing § 2-9-111, MCA, this Court, in State ex rel. Eccleston v. Dist. Court, (1989), 240 Mont. 44, 54, 783 P.2d 363, 369, [8 Ed.Law 146g,] stated:
“[W]e are not asserting in this opinion that the statute is unequivocally clear at first glance. Indeed, several interpretations of § 2-9-111, MCA, have been argued in the fine of cases that have come before us since the statute’s adoption.”
I would suggest that if the legislature’s intent to expand governmental immuniiy was not clear at first glance, then according to all appropriate rales of construction, this Court had no business taking a second look. This Court’s recent line of decisions granting total immunity to local governments has not only turned traditional rules of construction upside down, but has had the same impact on the human values that used to be reflected in our law.
I would reverse the District Court by holding that § 2-9-111(3), MCA, does not grant immunity to the defendant, Carol Field, in this case, and to the extent that any previous decision is inconsistentwiththatholding, I would reverse that decision.
JUSTICES HUNT and GRAY concur in the concurrence and dissent of JUSTICE TRIEWEILER.