JUSTICE TRIEWEILER,
specially concurring:
I concur with the reversal of the District Corut judgment in favor of the defendant James Bennett.
To me, the issue presented to this Court is a simple one which merits little discussion.
The 1972 Mont. Const., Art. II, § 18, provides:
“The state, counties, cities, towns, and all other local governmental entities shall have no immunity from suit for injury to a person or property, except as may be specifically provided by law by a % vote of each house of the legislature.”
People in Montana who have been injured by the wrongful acts of their government have a constitutional right to seek compensation. Any statute in derogation of a constitutional right should be strictly construed. 73 Am.Jm.2d Statutes § 283. If the legislature has not clearly provided for immunity, this Court has no business creating immunity. B.M. v. State (1982), 200 Mont. 58, 649 P.2d 425.
*508 Section 2-9-112, MCA, pursuant to which the District Court dismissed plaintiff’s claim against Bennett, does not say anything about probation officers. It talks about “acts or omissions of the judiciary.”
Bennett was not a member of the judiciary; he was not employed by the judiciary; and he was not acting pursuant to a directive from any member of the judiciary at the times complained of by the plaintiff.
Bennett’s acts, which formed the basis of the plaintiff’s complaint, were taken on his own initiative. His conclusions were provided to the county attorney for the purpose of instigating sentence revocation proceedings against the plaintiff. Bennett, who was employed by the executive branch of government, provided his misinformation to another member of the executive branch of government.
Therefore, by no stretch of the imagination can Bennett’s conduct be construed as an “act or omission of the judiciary.” Any assertion to the contrary would be the sheerest form of judicial legislation.
The dissenters, who have apparently learned little from their uncharted sojourn to the land of governmental immunity (see Peterson v. Great Falls School District (1989), 237 Mont. 376, 773 P.2d 316, and its progeny), wish to replay that debacle under the guise of judicial immunity. They would have this Court embark on a whole new body of judicially-created opportunities for public servants to avoid responsibility for their wrongful, unlawful, or negligent conduct. Lessons from recent history should not be so quickly forgotten.
JUSTICE HUNT concurs with the foregoing special concurrence of JUSTICE TRIEWEILER.